allowed $704 94, to the relator for his services as clerk of the Levy Court, and also as clerk of the peace; which sum exceeds the amount of any demand he had against them, for which the compensation is fixed by law. It appearing, therefore, to the court that the residue of the services were such as that the allowance for them was discretionary, and that a sum had been allowed towards that, the relator's counsel did not think proper to go further into the case, and the court

Discharged the rule.

---

THE STATE use of Brown and wife *vs.* WILLIAM D. GRIFFITH and sureties.

A. by will gave certain personal goods to his wife, and by a subsequent codicil revoking this, declared that " his wife should have no part of his personal estate, more than the law allows;" *held* that the wife was entitled only to her third of the real estate.

KENT, October term, 1848.  This was an action of debt on a testamentary bond of William Griffith, against William D. Griffith, his executor, to recover the one-third part of the personal estate.

The narr. set out the testamentary bond and recited the will of William Griffith, which gave the wife certain specific articles of personal property; and a codicil which revoked that part of the will and declared "that his wife should have no part of his estate more than the law allows;" averred the receipt of assets to a large amount, a third part of which belonged to the widow; and assigned as a breach the non-payment thereof, .&c., to which the defendant demurred.

*Mr. Fisher.*—The demurrer involves a construction of the. will. What is it that the law allows, out of the estate of a man who dies leaving a will? Nothing but dower in his land; no part of his personal estate. It is not a case of intestacy, but a case where the testator shows his purpose that his wife should have no more than her dower out of his real estate.

*Mr. Layton.*—The will must be construed by the known rules of law, which will ever control a particular intention. The fourth item

of the codicil is to be read as if in the will, and means that the wife shall have such part of his estate as the law would allow, without a will; referring so the *intestate* law, and not to the act of 1816, concerning dower out of lands. [4 *Harr. Rep.* 38.] The word "estate" refers to the personal as well as real property; and the law referred to by the testator was the intestate law, as well as the law of dower out of real estate.

*Mr. Smithers* replied, that the will devised all the estate; first specifically, a certain portion of the personal property to the wife and the residue to his children; then, by codicil, revoking these bequests, the testator declares that his widow shall have no more of his estate than the law allows her; thus bequeathing all the personal property and all the real also, except what the law allows the widow, to his children. This is not *giving*, as the counsel read the will, such part of his real estate as the law directs; but it is taking away every thing which he had bequeathed to the wife; and shows the intention to take away every thing else, so far as the law would permit him. She should not have what he had before given her; nor should she have any thing else, more than the law allows. Now, the law allows the widow nothing in case of a man who disposes of his property by will, but one-third of the *real* estate; it is only in cases of intestacy that the law gives her a portion of the personal property.

Judge Wootten delivered the judgment of the court, sustaining these general views in favor of the demurrer.

Judgment for defendant.

*Layton,* for plaintiff.
*Fisher* and *Smithers,* for defendant.

---

HEPBURN S. BENSON, appellant *vs.* WILLIAM WALKER, resp't.

A. being indebted to B. and B. to C., promised C. if he would get an order from B., to accept and pay it; *held* that this was a collateral obligation; or promise to pay the debt of another; and within the statute of frauds.

An action will not lie before a justice of the peace on the promise to accept; that not being within a justice's jurisdiction.

KENT, October term, 1848. This was an appeal from the judg-